IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RICHARD W. GILLINGHAM, | Cause No. CV 19-04-M-DLC-JCL |
| Petitioner, | |
| vs. | ORDER and FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |
| WARDEN GUYER; ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

On January 3, 2019, Petitioner Gillingham submitted a "petition for court access."  On January 7, he was ordered to pay the filing fee or move to proceed in forma pauperis.  He was also given an opportunity to submit an amended petition to explain why he believes he is entitled to relief.  *See* Order (Doc. 2) at 1–2.

On February 15, 2019, Gillingham moved to proceed in forma pauperis and filed an amended petition.  He is a state prisoner proceeding pro se.

## I.  Motion to Proceed In Forma Pauperis

After reviewing the motion and supporting account statement, I find that Gillingham has sufficiently shown he cannot afford to pay all costs that may be associated with this action.  The motion to proceed in forma pauperis will be granted.

1

## II.  Amended Petition

Gillingham is currently serving a prison term of 45 years.  The sentence was imposed in 2005 when a probationary term was revoked.  *See, e.g.*, Judgment (Doc. 10-1), *State v. Gillingham*, No. 10313 (Aug. 6, 1993), *filed in Gillingham v. Kirkegard*, No. CV 12-162-M-DLC-JCL (D. Mont. filed Jan. 15, 2013 (Doc. 10-1)); Am. Pet. (Doc. 7) at 38 ¶¶ 1–2; Am. Pet. Ex. 1 (Doc. 7-1) at 1; *State v. Gillingham*, 2008 MT 38 ¶¶ 16, 30 (Mont. Feb. 5, 2008).

All of Gillingham's claims, *see* Pet (Doc. 1) at 1–2; Am. Pet. (Doc. 7) at 3–39, were or could have been raised in the second habeas petition he filed in this Court.  *See* Order (Doc. 17), Findings and Recommendation (Doc. 13), *Gillingham*, No. CV 12-162-M (D. Mont. filed Sept. 21, 2012) (denying petition for lack of merit); *see also* Order (Doc. 6), *Gillingham v. Harkin*, No. CV 06-16-M-DWM-LBE (D. Mont. May 23, 2006) (dismissing petition for failure to exhaust state remedies).

The amended petition must be dismissed because this Court lacks jurisdiction to hear it.  *See* 28 U.S.C. § 2244(b); *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam); *Hill v. Alaska*, 297 F.3d 895, 898–99 (9th Cir. 2002); *see also* Order (Doc. 11), *Gillingham v. Kirkegard*, No. CV 13-77-M-DWM-JCL (D. Mont. June 17, 2013) (dismissing petition as unauthorized second or successive application); Order (Doc. 2), *Gillingham v. Kirkegard*, No. 14-212-M-DLC (D.

Mont. Sept. 22, 2014) (same).

### III.  Certificate of Appealability

Gillingham's claims appear to lack merit, but no reasonable jurist could find

the instant petition is anything other than an unauthorized second or successive

application.  A COA should be denied.

Based on the foregoing, the Court enters the following:

### ORDER

Gillingham's motion to proceed in forma pauperis (Doc. 8) is GRANTED.

The clerk shall waive payment of the filing fee.

The Court also enters the following:

### RECOMMENDATION

1.  The Petition (Docs. 2, 7) should be DISMISSED for lack of jurisdiction.

2.  The Clerk of Court should be directed to enter by separate document a

judgment in favor of Respondents and against Petitioner.

3.  A certificate of appealability should be DENIED.

### NOTICE OF RIGHT TO OBJECT
### TO FINDINGS & RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

Gillingham may object to this Findings and Recommendation within 14

days.[1] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Gillingham must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."  Failure to do so may result in dismissal of his case without notice to him.

DATED this 26th day of February, 2019.


 /s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

---

[1]  As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.