IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RICHARD W. GILLINGHAM,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN GUYER; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | CV 19–04–M–DLC–JCL<br><br>ORDER |

United States Magistrate Judge Jeremiah C. Lynch issued his Order and Findings and Recommendation in this case on February 26, 2019, recommending that the Court dismiss Gillingham's amended petition for writ of habeas corpus. (Doc. 9.) Gillingham timely filed objections to the Findings and Recommendation. (Doc. 10.) Consequently, Gillingham is entitled to de novo review of those findings and recommendations to which he has specifically objected. 28 U.S.C. § 636(b)(1)(C). Absent objection, this Court reviews findings and recommendations for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake

-1-

has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

Judge Lynch determined that each of the claims raised in Gillingham's amended petition "were or could have been raised in the second habeas petition he filed in this Court." *See Gillingham v. Kirkegard*, 9:12–cv–162–DLC (D. Mont. March 19, 2013) (order denying petition); *Gillingham v. District Court Judge Harkin*, 9:06–16–M–DWM–LBE (D. Mont. May 23, 2006) (same). Gillingham objects, but he primarily makes broad claims about the unfairness of his continued incarceration, writing, for example: "Why do you Americans 'steal' my freedom from me? Kidnap me!" (Doc. 10.)

To the degree that Gillingham specifically objects to the basis for Judge Lynch's Findings and Recommendation, he asks, "How can an amended petition be deemed to be successive?" (Doc. 10.) Construing Gillingham's objections liberally, the Court reviews de novo the issue of whether the amended petition is a second or successive petition. It finds that it is. Gillingham has not raised any claim that was not presented in a prior application and that relies on new law or depends on previously unknown facts. *See* 28 U.S.C. § 2244(b)(1), (2). Thus, the Court lacks jurisdiction over Gillingham's petition under 28 U.S.C. § 2244(b)(3).

The Court also determines that Gillingham is not entitled to a certificate of appealability. There is no reasonable debate regarding the Court's jurisdiction over Godfrey's second or successive petition. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Reviewing the remaining portions of Judge Lynch's Findings and Recommendations for clear error and finding none,

IT IS ORDERED:

(1) Judge Lynch's Findings and Recommendation (Doc. 9) is ADOPTED;

(2) Gillingham's Amended Petition (Doc. 7) is DISMISSED for lack of jurisdiction;

(3) A certificate of appealability is DENIED; and

(4) The Clerk of Court shall enter judgment of dismissal by separate document.

DATED this 2nd day of April, 2019.

Dana L. Christensen, Chief District Judge
United States District Court